■ ANTHONY CONIGLIO, Appellant, v JOAN CONIGLIO, Respondent. [725 NYS2d 214] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Lifson, J.), dated October 6, 2000, as referred the defendant's application for maintenance and an award of an attorney's fee to the Family Court, Suffolk County, for a hearing.

Ordered that the appeal is dismissed, with costs, as the portion of the order appealed from is not appealable as of right and leave to appeal has not been granted (see, Palma v Palma, 101 AD2d 812). Friedmann, J. P., Goldstein, Feuerstein and Crane, JJ., concur.

■ PHYLLIS COSCIA et al., Respondents, v 938 TRADING CORP. et al., Appellants. [725 NYS2d 349] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated November 17, 2000, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Phyllis Coscia did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendants' motion for summary judgment. In support of their motion, the defendants submitted evidence that the plaintiff Phyllis Coscia was suffering from restrictions of motion in her lumbar spine. Furthermore, the defendants submitted contradictory proof as to whether the injured plaintiff's lumbar spine condition was caused by the subject accident or a degenerative disease (see, Julemis v Gates, 281 AD2d 396; DeVeglio v Oliveri, 277 AD2d 345). Accordingly, the defendants failed to establish a prima facie case that the injuries allegedly sustained by Phyllis Coscia were not serious within the meaning of Insurance Law § 5102 (d) (see, Mariaca-Olmos v Mizrhy, 226 AD2d 437; Mendola v Demetres, 212 AD2d 515). Under these circumstances, it is not necessary to consider whether the plaintiffs' papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact (see, Chaplin v Taylor, 273 AD2d 188; Mariaca-Olmos v Mizrhy, supra). Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.