■ VINCENT A. SCOTTI et al., Appellants, v JANIME H. BOU-TUREIRA et al., Respondents. [779 NYS2d 255]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated July 18, 2003, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Vincent Scotti did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendants failed to make a prima facie showing that the plaintiff Vincent Scotti did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). The conclusions of the defendants' examining physicians that Scotti had recovered from his injuries and was not disabled were directly contradicted by the observations of limitations that they had made when examining Scotti. Since the defendants failed to establish a prima facie case, it is unnecessary to consider whether the plaintiffs' opposition papers were sufficient to raise a triable issue of fact (see Coscia v 938 Trading Corp., 283 AD2d 538 [2001]; Chaplin v Taylor, 273 AD2d 188 [2000]; Mariaca-Olmos v Mizrhy, 226 AD2d 437 [1996]).

Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint. Santucci, J.P., H. Miller, Luciano, Crane and Spolzino, JJ., concur.