■ Anastasia Bardakas et al., Appellants, v Joshua Winstral et al., Respondents. [785 NYS2d 467]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated December 15, 2003, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Anastasia Bardakas did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

Contrary to the determination of the Supreme Court, the defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98

NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' neurologist found limitations in the plaintiff's lumbar range of motion. In addition, although he reported that the plaintiff had a full range of motion in her right shoulder, he also reported finding an audible cracking sound upon movement of the shoulder. Finally, the defendants' orthopedist reported that the plaintiff's cervical range of motion was limited to 25 degrees on extension.

Since the defendants failed to meet their initial burden of establishing a prima facie case, "it is not necessary to consider whether the plaintiffs' papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact" (*Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *see Chaplin v Taylor*, 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]).

Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment. Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.