■ LAURA HOLTZ, Appellant, v Y. DEREK TAXI et al., Respondents. [784 NYS2d 614]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated July 25, 2003, as granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). One of the defendants' examining physicians specifically reported finding limitations of range of motion of the plaintiff's cervical spine.

Since the defendants failed to meet their initial burden of establishing a prima facie case, "it is not necessary to consider whether the plaintiff's papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact" (*Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]; *see Chaplin v Taylor,* 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]). Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment. Ritter, J.P., H. Miller, Schmidt, Crane and Skelos, JJ., concur.