■ Rosa Marquez et al., Appellants, v Juan Oballe, Respondent. [789 NYS2d 287]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), dated January 30, 2004, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Rosa Marquez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

Contrary to the determination of the Supreme Court, the defendant failed to make a prima facie showing that the plaintiff Rosa Marquez (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). A close comparison of the affirmations of the defendant's examining physicians reveal that the defendant's orthopedist found restrictions in the plaintiff's cervical and lumbar ranges of motion. Accordingly, the Supreme Court erred in granting the defendant's motion for summary judgment.

Under these circumstances, where the defendant failed to meet his initial burden of establishing a prima facie case, it is unnecessary "to consider whether the plaintiffs' papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact" (*Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]; *see Chaplin v Taylor,* 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]). Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.