RICHARD A. SPUHLER et al., Respondents, v MOHAMMAD R. KHAN et al., Appellants-Respondents, and NANCY A. ZAYAS, Respondent-Appellant, et al., Defendant. [789 NYS2d 228]—

In an action to recover damages for personal injuries, etc., the defendants Mohammad R. Khan and Muhammad Ekram Khan appeal from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated August 25, 2003, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Richard A. Spuhler did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendant Nancy A. Zayas cross-appeals from so much of the same order as denied her cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs.

The defendants Mohammad R. Khan and Muhammad Ekram Khan (hereinafter the Khans) failed to make a prima facie showing that the plaintiff Richard A. Spuhler (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98

NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The affirmed medical reports of the Khans' examining physicians indicated the existence of limitations in movement of the plaintiff's cervical and lumbar spine. Since the Khans failed to meet their initial burden, it is unnecessary "to consider whether the plaintiffs' papers in opposition . . . were sufficient to raise a triable issue of fact" (*Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]; *see Chaplin v Taylor,* 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437, 438 [1996]).

We note that in this hit-in-the-rear case involving four vehicles, one behind the other, the defendant Gary M. Gent, who was driving the first vehicle, had come to a safe stop behind a line of traffic. The Supreme Court properly denied summary judgment to the remaining defendants, as the deposition testimony of those parties raises a triable of issue of fact as to the role of each of them in the happening of the accident (*see Reed v New York City Tr. Auth.,* 299 AD2d 330 [2002]; *Barberena v Budd Enters.,* 299 AD2d 305 [2002]; *Krakowska v Niksa,* 298 AD2d 561 [2002]; *Vidal v Tsitsiashvili,* 297 AD2d 638 [2002]). H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.