◾ ROSA RICH-WING, Appellant, v KALEEL BABOOLAL et al., Defendants, and FORD MOTOR CREDIT COMPANY et al., Respondents. [795 NYS2d 706]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated

February 19, 2004, as granted the separate motions of the defendant Ford Motor Credit Company and the defendants Charles M. Biggs and Toyota Motor Credit Corporation which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the respondents appearing separately and filing separate briefs, the motions are denied, and the complaint is reinstated.

The respondents failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). Although the respondents' examining physicians concluded that the plaintiff had no neurologic or orthopedic disability or impairment, the stated findings in their reports did not support such a conclusion. Since the respondents failed to establish a prima facie case in the first instance, we need not consider "whether the plaintiff's papers in opposition to the . . . motion were sufficient to raise a triable issue of fact" (*Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *see Chaplin v Taylor*, 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]).

Accordingly, the respondents' motions for summary judgment should have been denied. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.