■ WALTER GLENN, JR., et al., Appellants, v CRAIG S. COUVOPOULO et al., Respondents, et al., Defendant. [800 NYS2d 737]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated February 27, 2004, as denied that branch of their motion which was for summary judgment on the issue of liability against the defendants Craig S. Couvopoulo and Long Island Rail Road, and granted the cross motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendants Craig S. Couvopoulo and Long Island Rail Road for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying the cross

motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the complaint is reinstated insofar as asserted against those defendants.

The plaintiff Walter Glenn, Jr., allegedly was injured when his car was struck by a wheel that dislodged from a vehicle owned by the defendant Long Island Rail Road (hereinafter the LIRR) and operated by the defendant Craig S. Couvopoulo. The plaintiffs alleged that the LIRR and Couvopoulo were negligent in their maintenance and operation of the vehicle. After the completion of discovery, the plaintiffs moved for summary judgment on the issue of liability against Couvopoulo and the LIRR. Couvopoulo and the LIRR cross-moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion and granted the cross motion. We modify.

Couvopoulo and the LIRR failed to establish their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). A question of fact exists as to whether Couvopoulo and the LIRR were negligent in the inspection and maintenance of the vehicle, as they failed to produce the LIRR daily vehicle inspection reports for the date of the accident (*see* Vehicle and Traffic Law § 388; *Elfeld v Burkham Auto Renting Co.*, 299 NY 336, 346 [1949]). Moreover, a question of fact exists as to whether the LIRR had exclusive possession of the vehicle so as to permit the plaintiffs to invoke the doctrine of res ipsa loquitur. After all, the LIRR had possession of the vehicle all day and the vehicle was driven 33 miles before the accident on the day it occurred. Because Couvopoulo and the LIRR did not sustain their burden on the cross motion, we need not address the sufficiency of the plaintiffs' opposition papers (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]).

The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against Couvopoulo and the LIRR. S. Miller, J.P., Santucci, Goldstein and Crane, JJ., concur.