■ PAUL SANO et al., Appellants, v IGOR GORELIK et al., Respondents, et al., Defendant. [805 NYS2d 854]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), entered June 24, 2004, which, upon an order of the same court dated May 28, 2004, granting the cross motion of the defendants Ryder Truck Rental, Inc., and Ryder TRS, Inc., for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Paul Sano did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denying their motion for summary judgment on the issue of liability as academic, dismissed the complaint insofar as asserted against the defendants Igor Gorelik, Ryder Truck Rental, Inc., and Ryder TRS, Inc.

Ordered that the judgment is reversed, on the law, with costs payable by the defendants Ryder Truck Rental, Inc., and Ryder TRS, Inc., the cross motion is denied, the complaint is reinstated insofar as asserted against the defendants Igor Gorelik, Ryder Truck Rental, Inc., the order dated May 28, 2004, is modified accordingly, and Ryder TRS, Inc., and the matter is remitted to the Supreme Court, Kings County, for a determination of the plaintiffs' motion for summary judgment on the issue of liability on the merits.

The defendants Ryder Truck Rental, Inc., and Ryder TRS, Inc., failed to make a prima facie showing that the plaintiff Paul Sano did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). "The affirmed medical reports of the [defendants'] examining physician[ ] indicated the existence of limitations in movement of the plaintiff's cervical and lumbar spine. Since the [defendants] failed to meet their initial burden, it is unnecessary 'to consider whether the plaintiff's papers in opposition . . . were sufficient to raise a triable issue of fact' (*Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *see Chaplin v Taylor*, 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437, 438 [1996])" (*Spuhler v Khan*, 14 AD3d 693, 694 [2005]). Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.