■ Rose M. Smith, Appellant, v Ralph P. Delcore, Respondent, et al., Defendants. [814 NYS2d 554]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated October 3, 2005, which granted the motion of the defendant Ralph P. Delcore for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated as against defendant Ralph P. Delcore.

The defendant Ralph P. Delcore (hereinafter the defendant) failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The affirmed medical report of the defendant's neurologist conceded the existence of limitations in motion of the plaintiff's lumbar spine. Since the defendant failed to meet his initial burden of establishing a prima facie case, it is unnecessary to consider whether the plaintiff's papers in opposition to the defendant's motion were sufficient to raise a triable issue of fact (*see Rich-Wing v Baboolal,* 18 AD3d 726 [2005]; *Lesane v Tejada,* 15 AD3d 358 [2005]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Accordingly, the Supreme Court

erred in granting the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him. Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.