■ DIANA L. GRADY, Respondent, v JONATHAN JACOBS, Appellant. [820 NYS2d 888]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Douglass, J.), entered December 19, 2005, as denied his cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the Supreme Court correctly denied his cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of the statute (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmed medical report of the defendant's neurologist indicated the existence of limitations in motion of the plaintiff's lumbar spine and left shoulder (*see Sano v Gorelik*, 24 AD3d 747 [2005]; *Spuhler v Khan*, 14 AD3d 693 [2005]; *Omar v Bello*, 13 AD3d 430 [2004]; *Scotti v Boutureira*, 8 AD3d 652 [2004]). Since the defendant failed to meet his initial burden of establishing a prima facie case, it is unnecessary to consider whether the plaintiff's papers submitted in opposition to the defendant's cross motion were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.