■ TIFFANY BROWN et al., Respondents, et al., Plaintiff, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [822 NYS2d 784]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated August 5, 2005, which denied its motion for summary judgment dismissing the first cause of action on behalf of the plaintiff Tiffany Brown, as well as the derivative cause of action on behalf of the plaintiff Vanessa Brown with respect to Tiffany Brown, on the ground that the plaintiff Tiffany Brown did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

In support of its motion for summary judgment dismissing the first cause of action on behalf of the infant plaintiff Tiffany Brown, as well as the derivative cause of action of the plaintiff Vanessa Brown with respect to Tiffany Brown, the defendant relied upon the medical records and reports concerning Tiffany Brown prepared by her treating physicians. Those reports and records failed to establish, as a matter of law, that Tiffany Brown did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Indeed, one of those reports noted the existence of limitations in the range of motion of Tiffany Brown's knees without sufficient quantification or qualification to establish that the limitation of motion was not significant. Since the defendant's assertions were thus belied by the documentary evidence submitted in support of the motion, the Supreme Court correctly denied the motion (*see Smith v Delcore*, 29 AD3d 890 [2006]; *Sano v Gorelik*, 24 AD3d 747 [2005]; *Kaminsky v Waldner*, 19 AD3d 370 [2005]; *Spuhler v Khan*, 14 AD3d 693 [2005]; *Omar v Bello*, 13 AD3d 430 [2004]; *Scotti v Boutureira*, 8 AD3d 652 [2004]; *see also Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Willis v New York City Tr. Auth.*, 14 AD3d 696 [2005]). Since the defendant failed to meet its prima facie burden, we need not consider the sufficiency of the papers submitted in opposition to the motion (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Florio, J.P., Crane, Luciano, Spolzino and Covello, JJ., concur.