■ Richard LaCagnina et al., Respondents, v Dennis Bernard, Appellant. [824 NYS2d 161]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated February 17, 2006, which denied his motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the Supreme Court properly determined that he failed to establish, prima facie, that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmed medical reports of the defendant's examining neurologist concerning each plaintiff established significant limitations in various aspects of their respective cervical and lumbar spines which required denial of the motion (*see Smith v Delcore*, 29 AD3d 890 [2006]; *Sano v Gorelik*, 24 AD3d 747 [2005]; *Kaminsky v Waldner*, 19 AD3d 370 [2005]; *Spuhler v Khan*, 14 AD3d 693 [2005]; *Omar v Bello*, 13 AD3d 430 [2004]; *Scotti v Boutureira*, 8 AD3d 652 [2004]). Moreover, while the affirmed medical reports of the defendant's examining orthopedist concerning each plaintiff set forth range of motion findings as to their respective cervical and lumbar spines he failed to compare those findings to what is considered normal ranges of motion (*see Sullivan v Dawes*, 28 AD3d 472 [2006]; *Browdame v Candura*, 25 AD3d 747 [2006]; *Paulino v Dedios*, 24 AD3d 741 [2005]; *Kennedy v Brown*, 23 AD3d 625 [2005]; *Baudillo v Pam Car & Truck Rental, Inc.*, 23 AD3d 420 [2005]; *Manceri v Bowe*, 19 AD3d 462 [2005]; *Aronov v Leybovich*, 3 AD3d 511 [2004]). Since the defendant failed to meet his prima facie burden it is unnecessary to consider whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact as to whether either plaintiff sustained a serious injury as a result of the subject accident (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.