■ JOSEPH MUSEAU, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [823 NYS2d 908]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated June 22, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The defendants failed to establish their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmed medical report of the defendants' examining orthopedic surgeon conceded the existence of limitations in motion of the plaintiff's

lumbar spine (*see Smith v Delcore*, 29 AD3d 890 [2006]; *Sano v Gorelik*, 24 AD3d 747 [2005]; *Spuhler v Khan*, 14 AD3d 693, 694 [2005]), and neither defense medical expert addressed his claim that as a result of the accident the plaintiff sustained a medically determined injury which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less then 90 days during the 180 days immediately following the injury or impairment (*see* Insurance Law § 5102 [d]; *Volpetti v Yoon Kap*, 28 AD3d 750, 751 [2006]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]). Since the defendants failed to meet their initial burden of establishing a prima facie case, it is unnecessary to consider whether the plaintiff's papers submitted in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint. Florio, J.P., Crane, Spolzino and Covello, JJ., concur.