■ ELIZABETH QUINONES, Respondent, v E & L TRANSPORTATION, INC., et al., Defendants, and J & S CONSTRUCTION, INC., et al., Appellants. [826 NYS2d 422]—

In an action, inter alia, to recover damages for personal injuries, the appellants J & S Construction, Inc., and Zhi X. Tang appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), entered September 30, 2005, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

While we affirm the Supreme Court's order insofar as appealed from, we do so on grounds other than those relied upon by the Supreme Court. Contrary to the finding of the Supreme Court, the appellants, J & S Construction, Inc., and Zhi X. Tang, failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The appellants' examining orthopedist conceded the existence of a significant limitation in the range of motion of the plaintiff's lumbar spine when he examined her on April 19, 2005 (*see Smith v Delcore*, 29 AD3d 890 [2006]; *Sano v Gorelik*, 24 AD3d 747 [2005]; *Spuhler v Khan*, 14 AD3d 693 [2005]; *Omar v Bello*, 13 AD3d 430 [2004]; *Scotti v Boutureira*, 8 AD3d 652 [2004]). Since the appellants failed to make a prima

facie showing, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.