■ GIOVANNI D'ONOFRIO, Respondent, v GIOVANNI ARSENAULT, Appellant. [828 NYS2d 117]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated March 15, 2005, as denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant failed to establish his prima facie entitlement to judgment as a matter of law by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmed medical report of the defendant's examining neurologist indicated the existence of limitations in the range of motion of the plaintiff's lumbar spine (*see Grady v Jacobs*, 32 AD3d 994 [2006]; *Sano v Gorelik*, 24

AD3d 747 [2005]; *Spuhler v Khan,* 14 AD3d 693 [2005]; *Omar v Bello,* 13 AD3d 430 [2004]; *Scotti v Boutureira,* 8 AD3d 652 [2004]). Since the defendant failed to meet his initial burden of establishing a prima facie case, it is unnecessary to consider whether the plaintiff's papers submitted in opposition to the defendant's motion were sufficient to raise a triable issue of fact (*see Grady v Jacobs, supra; Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Miller, J.P., Krausman, Spolzino, Fisher and Dillon, JJ., concur.