■ JOSEPH McDONALD, Respondent, v POOKIE HACKING CORPORATION et al., Appellants, et al., Defendants. [829 NYS2d 616]—

In an action to recover damages for personal injuries, the defendants Pookie Hacking Corporation and Asif Nazir appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated May 3, 2005, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

While we affirm the order appealed from, we do so on grounds other than those relied upon by the Supreme Court. The defendants Pookie Hacking Corporation and Asif Nazir (hereinafter the defendants) failed to establish prima facie that the plaintiff did not sustain a serious injury within the meaning of Insurance Law 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In his affirmed medical report, the defendants' examining orthopedist conceded the existence of limitations in the plaintiff's lumbar spine range of motion based on his examination of the plaintiff as well as the existence of a causal relationship between the subject accident and the

plaintiff's reported symptomatology (*see Museau v New York City Tr. Auth.*, 34 AD3d 772 [2006]; *Smith v Delcore*, 29 AD3d 890 [2006]; *Sano v Gorelik*, 24 AD3d 747 [2005]; *Spuhler v Khan*, 14 AD3d 693 [2005]; *Omar v Bello*, 13 AD3d 430 [2004]; *Scotti v Boutureira*, 8 AD3d 652 [2004]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we need not consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Smith v Delcore, supra*; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.