■ DANIELLE L. LITZ, Respondent, v F.J. GRAY & Co. et al., Appellants. [835 NYS2d 227]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Grays, J.), entered November 28, 2005, which denied

their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendants' assertions, they failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The affirmed medical report of the defendants' examining neurologist conceded the existence of limitations of motion of the plaintiff's cervical and lumbar spine (*see McDonald v Pookie Hacking Corp.*, 37 AD3d 430 [2007]; *Quinones v E & L Transp., Inc.*, 35 AD3d 577 [2006]; *Museau v New York City Tr. Auth.*, 34 AD3d 772, 772-773 [2006]; *Smith v Delcore,* 29 AD3d 890 [2006]; *Sano v Gorelik,* 24 AD3d 747 [2005]; *Spuhler v Khan,* 14 AD3d 693, 694 [2005]; *Omar v Bello,* 13 AD3d 430 [2004]; *Scotti v Boutureira,* 8 AD3d 652 [2004]), and stated "[s]ymptoms are causally related to the incident by history." Since the defendants failed to meet their initial burden of establishing prima facie entitlement to summary judgment, it is unnecessary to consider whether the plaintiff's papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see McDonald v Pookie Hacking Corp., supra; Iles v Jonat,* 35 AD3d 537 [2006]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.