■ MERCY TORRES, Appellant, v OSCAR GOMEZ-MEJIA et al., Respondents. [833 NYS2d 900]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated April 6, 2006, which granted the motion of the defendants Oscar Gomez-Mejia and Indigo Dog Leasing, Inc., and the separate motion of the defendants Ryan O'Neil and Steven Sussman for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of

costs payable by the respondents appearing separately and filing separate briefs, and the respective motions for summary judgment dismissing the complaint are denied.

The Supreme Court erred in granting the separate motions of the defendants Oscar Gomez-Mejia and Indigo Dog Leasing, Inc., and the defendants Ryan O'Neil and Steven Sussman for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.