■ ZARGES ZAMANIYAN, Appellant, v JOSEPH VRABECK, Respondent. [835 NYS2d 903]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated February 15, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the

meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant's examining neurologist found limitations when he examined the plaintiff (see Smith v Delcore, 29 AD3d 890 [2006]; Sano v Gorelik, 24 AD3d 747 [2005]; Kaminsky v Waldner, 19 AD3d 370 [2005]; Omar v Bello, 13 AD3d 430 [2004]; Spuhler v Khan, 14 AD3d 693 [2005]; Scotti v Boutureira, 8 AD3d 652 [2004]). Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiff's papers were sufficient to raise a triable issue of fact (see Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.