■ TRISTEN JENKINS et al., Respondents, v MILED HACKING CORP. et al., Appellants. [841 NYS2d 317]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated November 8, 2006, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Tristen Jenkins did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants failed in the first instance to establish their prima facie entitlement to summary judgment by showing that the plaintiff Tristen Jenkins (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The conclusion of the defendants' examining orthopedist, that the plaintiff had minor limitations in range of motion or limitations that were not permanent, was belied by the orthopedist's findings of substantial limitations in range of motion in the plaintiff's cervical flexion and bilateral lumbar lateral bending which existed more than one year and four months after the accident (*see Brown v Motor Veh. Acc. Indem. Corp.*, 33 AD3d 832 [2006]; *Scotti v Boutureira*, 8 AD3d 652 [2004]). The assertion that these limitations were unrelated to the motor vehicle accident was conclusory. The defendants also relied on various treatment records of the treating physicians of the plaintiff that additionally underscored the existence of limitations in cervical and lumbar spine ranges of motion, which were not adequately quantified so as to establish the absence of a significant limitation of motion that could be permanent in nature (*see Dzaferovic v Polonia*, 36 AD3d 652, 653

[2007]; *Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]).

Since the defendants failed to satisfy their prima facie burden, it is unnecessary to consider whether the plaintiffs' papers in opposition were sufficient to raise a triable issue of fact (*see Dzaferovic v Polonia, supra* at 653; *Brown v Motor Veh. Acc. Indem. Corp., supra*; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.