■ Felipe S. Andrade, Appellant, v Denise Hatzis, Respondent, et al., Defendant. [841 NYS2d 787]—In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pines, J.), entered August 10, 2006, which granted the motion of the defendant Denise Hatzis for summary judgment dismissing the complaint insofar as asserted against her on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Denise Hatzis for summary judgment dismissing the complaint insofar as asserted against her is denied.

Contrary to the Supreme Court's determination, the defendant Denise Hatzis (hereinafter Hatzis) failed, on her motion, to establish that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In his report, Hatzis's examining neurologist noted the existence of limitations in the range of motion of the plaintiff's cervical spine upon testing (*see Quinones v E & L Transp., Inc.*, 35 AD3d 577 [2006]; *Smith v Delcore*, 29 AD3d 890 [2006]; *Sano v Gorelik*, 24 AD3d 747 [2005]; *Spuhler v Khan*, 14 AD3d 693 [2005]; *Omar v Bello*, 13 AD3d 430 [2004]).

Since Hatzis failed to make a prima facie showing of entitlement to judgment as a matter of law, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.