■ WILKIE JOISSAINT, Respondent, v STARRETT-1 INC., et al., Appellants, et al., Defendant. [848 NYS2d 259]—

In an action to recover damages for personal injuries, the defendants Starrett-1 Inc., and Eddie Harris appeal from an order of the Supreme Court, Kings County (Saitta, J.), dated April 12, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants Starrett-1 Inc. and Eddie Harris (hereinafter the appellants) failed to satisfy their prima facie burden by establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Among the medical submissions relied upon by the appellants

was the affirmed medical report of their examining orthopedist. In his report, the examining orthopedist identified significant limitations in the ranges of motion of the plaintiff's cervical and lumbar spines based upon his examination of the plaintiff, which took place almost two years after the subject accident (*see Zamaniyan v Vrabeck,* 41 AD3d 472, 473 [2007]; *Smith v Delcore,* 29 AD3d 890 [2006]; *Sano v Gorelik,* 24 AD3d 747 [2005]). Since the appellants failed to meet their initial burden, it is unnecessary to consider whether the plaintiff's papers, submitted in opposition, were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.