■ DEBORAH J. KONTOMICHALOS, Respondent, v COUNTY OF NASSAU et al., Appellants. [855 NYS2d 175]—

The Supreme Court correctly determined that the defendants did not satisfy their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v*

*Eyler,* 79 NY2d 955 [1992]). In support of their motion, the defendants relied on the affirmed medical reports of their examining orthopedic surgeon and neurologist, which described significant limitations in the range of motion in the plaintiff's cervical and lumbar spines (*see Jenkins v Miled Hacking Corp.,* 43 AD3d 393 [2007]; *Bentivegna v Stein,* 42 AD3d 555 [2007]; *Zamaniyan v Vrabeck,* 41 AD3d 472 [2007]; *Brown v Motor Veh. Acc. Indem. Corp.,* 33 AD3d 832 [2006]). Under these circumstances, it is not necessary to consider whether the plaintiff's papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]).

Moreover, on her cross motion the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of serious injury. In opposition, the defendants failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of serious injury.

The defendants' remaining contentions are without merit. Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.