■ STEPHEN DUX et al., Appellants, v ANGELINA MADDALONI, Respondent. [861 NYS2d 672]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Weber, J.), dated June 12, 2007, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Stephen Dux did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

Contrary to the Supreme Court's determination, the defendant failed to meet her prima facie burden of showing that the plaintiff Stephen Dux (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis*

*Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In support of her motion, the defendant relied upon, inter alia, the affirmed medical report of her examining orthopedic surgeon who evaluated the injured plaintiff almost two years after the subject accident occurred. In that report, the surgeon noted significant limitations in the range of motion of the injured plaintiff's cervical spine, lumbar spine, and left shoulder (*see Jenkins v Miled Hacking Corp.,* 43 AD3d 393 [2007]; *Bentivegna v Stein,* 42 AD3d 555 [2007]; *Zamaniyan v Vrabeck,* 41 AD3d 472 [2007]; *see also Brown v Motor Veh. Acc. Indem. Corp.,* 33 AD3d 832 [2006]; *Smith v Delcore,* 29 AD3d 890 [2006]; *Sano v Gorelik,* 24 AD3d 747 [2005]; *Spuhler v Khan,* 14 AD3d 693 [2005]; *Omar v Bello,* 13 AD3d 430 [2004]; *Scotti v Boutureira,* 8 AD3d 652 [2004]).

Since the defendant failed to satisfy her prima facie burden, it is unnecessary to consider whether the plaintiffs' papers in opposition were sufficient to raise a triable issue of fact (*see Jenkins v Miled Hacking Corp.,* 43 AD3d 393 [2007]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.