■ EL-SAYED ALI, Respondent, v JOSE LUIS RIVERA et al., Appellants. [859 NYS2d 713]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated November 28, 2007, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied upon, inter alia, the affirmed medical report of their examining orthopedic surgeon. In that report, the surgeon noted significant range of motion limitations in the plaintiff's cervical spine, right shoulder, and lumbar spine based upon his examination of the plaintiff, which occurred 16 months after the subject accident (*see Jenkins v Miled Hacking Corp.,* 43 AD3d 393 [2007]; *Bentivegna v Stein,* 42 AD3d 555 [2007]; *Zamaniyan v Vrabeck,* 41 AD3d 472 [2007]; *see also Brown v Motor Veh. Acc. Indem. Corp.,* 33 AD3d 832 [2006]; *Smith v Delcore,* 29 AD3d 890 [2006]).

Moreover, the defendants' motion papers did not adequately address the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The subject accident occurred on March 9, 2006. The plaintiff stated in his bill of particulars that he missed six months of work as a result of the subject accident. The defendants' examining orthopedic surgeon and neurologist conducted separate examinations of the plaintiff nearly 16 months after the subject accident. Those experts noted in their respective reports that the plaintiff missed six months from

work as a result of the subject accident. Neither physician related his medical findings to this category of serious injury for the period of time immediately following the subject accident (*see DeVille v Barry*, 41 AD3d 763 [2007]; *Lopez v Geraldino*, 35 AD3d 398 [2006]; *Nakanishi v Sadaqat*, 35 AD3d 416 [2006]; *Faun Thai v Butt*, 34 AD3d 447 [2006]; *Sayers v Hot*, 23 AD3d 453 [2005]).

Since the defendants failed to satisfy their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Jenkins v Miled Hacking Corp.*, 43 AD3d at 394; *DeVille v Barry*, 41 AD3d at 764; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.