■ TYRONE MOORER, Appellant, v AMBOY BUS CO., INC., et al., Respondents. [862 NYS2d 508]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered April 20, 2007, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied upon, inter alia, the affirmed medical report of their examining orthopedist. In that report, Dr. Hormozan Aprin noted significant range-of-motion limitations in the plaintiff's cervical spine, left shoulder, and lumbar spine, based upon his examination of the plaintiff one year after the subject accident. The range-of-motion limitations belie Dr. Aprin's conclusion that the condition of the left shoulder was resolved, that restrictions of the cervical spine were not supported by objective findings, and that the restrictions of the lumbosacral spine were only mild (*see Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]; *Bentivegna v Stein*, 42 AD3d 555, 556 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472, 473 [2007]; *see also Brown v Motor Veh. Acc. Indem. Corp.*, 33 AD3d 832 [2006]; *Smith v Delcore*, 29 AD3d 890 [2006]; *Sano v Gorelik*, 24 AD3d 747 [2005]; *Spuhler v Khan*, 14 AD3d 693, 694 [2005]; *Omar v Bello*, 13 AD3d 430 [2004]; *Scotti v Boutureira*, 8 AD3d 652 [2004]).

Since the defendants failed to satisfy their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Jenkins v Miled Hacking Corp.*, 43 AD3d at 394; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.