■ IDELL M. PERRY et al., Appellants, v ROBERT BRUSINI et al., Respondents, et al., Defendant. [859 NYS2d 565]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Phelan, J.), dated June 12, 2007, which granted the motion of the defendants Robert Brusini and Brian Brusini for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Robert Brusini and Brian Brusini for summary judgment dismissing the complaint insofar as asserted against them is denied.

The defendants Robert Brusini and Brian Brusini (hereinafter the respondents) failed to meet their prima facie burden of showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In support of their motion, the respondents relied upon, inter alia, the affirmed medical reports of their examining orthopedic surgeon. In those reports, the surgeon noted significant range of motion limitations in the plaintiffs' respective left knees, as well as significant range of motion limitations in the lumbar spine of the plaintiff Idell M. Perry (*see Jenkins v Miled Hacking Corp.,* 43 AD3d 393 [2007]; *Bentivegna v Stein,* 42 AD3d 555 [2007]; *Zamaniyan v Vrabeck,* 41 AD3d 472 [2007]; *Brown v Motor Veh. Acc. Indem. Corp.,* 33 AD3d 832 [2006]; *Smith v Delcore,* 29 AD3d 890 [2006]; *Sano v Gorelik,* 24 AD3d 747 [2005]; *Spuhler v Khan,* 14 AD3d 693 [2005]; *Omar v Bello,* 13

AD3d 430 [2004]; *Scotti v Boutureira,* 8 AD3d 652 [2004]). Since the respondents failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiffs were sufficient to raise a triable issue of fact *(see Jenkins v Miled Hacking Corp.,* 43 AD3d 393 [2007]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.