In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), entered August 17, 2009, which granted the motion of the defendant Andrei Orlov, and the separate motion of the defendants Elvin Elias, Sean Portillo and Danis D. *1001 Saenz, for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents, and the motion of the defendant Andrei Orlov, and the separate motion of the defendants Elvin Elias, Sean Portillo and Danis D. Saenz, for summary judgment dismissing the complaint insofar as asserted against them are denied.
The defendants, all of whom relied on the same submissions in support of their respective motions, failed to meet their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of their motions, they relied upon, inter alia, the medical reports of the plaintiffs treating physicians. At least two of those reports revealed that the plaintiff had significant limitations in her cervical and lumbar spine range of motion more than seven months post-accident (see Guerrero v Bernstein, 57 AD3d 845 [2008]; Mendola v Demetres, 212 AD2d 515 [1995]).
Since the defendants did not meet their prima facie burdens, it is unnecessary to decide whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Guerrero v Bernstein, 57 AD3d at 845; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.