■ INNA KHARZIS, Appellant, et al., Plaintiff, v PV HOLDING CORP. et al., Respondents. [912 NYS2d 114]—

In an action to recover damages for personal injuries, the plaintiff Inna Kharzis appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated June 30, 2009, as granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted by her against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellant payable by the defendants, and those branches of the defendants' motions which were for summary judgment dismissing the complaint insofar as asserted by the appellant against each of them are denied.

On the morning of March 31, 2006, on the Staten Island Expressway, the plaintiff Inna Kharzis (hereinafter the plaintiff) was a passenger in a car driven by her husband when it was involved in a collision with a motor vehicle owned by the defendant PV Holding Corp. (hereinafter PV) and operated by the defendant Tzvi P. Tropper. The plaintiff and her husband commenced this action against PV and Tropper. PV moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Tropper separately moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court, inter alia, granted these motions, and the plaintiff appeals from so much of the Supreme Court's order as granted those branches of the motions which were for summary judgment dismissing the complaint insofar as asserted by her against each of the defendants. We reverse the order insofar as appealed from.

On their motions for summary judgment, the defendants had the burden of establishing prima facie that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Museau v New York City Tr. Auth., 34 AD3d 772 [2006]). In support of their motions, the defendants submitted, inter alia, a report dated March 6, 2008, by James B. Sarno, a neurologist, who conducted an independent medical examination of the plaintiff two years after the ac-

cident. In his report, Dr. Sarno concluded that the plaintiff sustained sprains of the lumbar and cervical areas of her spine as a result of the accident. He noted significant limitations in range of motion on both left and right lateral rotation of the cervical area of her spine. Moreover, Dr. Sarno did not attribute these limitations to any cause other than the sprain sustained in the March 2006 accident. Since the defendants' moving papers failed to establish their prima facie entitlement to judgment as a matter of law (*see Levin v Khan,* 73 AD3d 991 [2010]; *Moore v Stasi,* 62 AD3d 764, 765 [2009]; *Ali v Rivera,* 52 AD3d 445 [2008]; *Dux v Maddaloni,* 51 AD3d 967, 968 [2008]), their motions should have been denied without regard to the sufficiency of the plaintiff's papers submitted in opposition (*see Moore v Stasi,* 62 AD3d at 765; *McMillian v Naparano,* 61 AD3d 943 [2009]; *Yung v Eager,* 51 AD3d 638, 639 [2008]). Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.