■ ANDREW M. THALER, as Trustee of the Estate of THERESA D'AMICO, Appellant, v JOHN W. FELSBERG et al., Respondents, et al., Defendants. [936 NYS2d 690]—

The defendants John W. Felsberg and John J. Felsberg, and the defendants Selma Stewart and Phillip C. Stewart (hereinafter collectively the defendants), failed to meet their prima facie burdens of showing that Theresa D'Amico did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff, who was the trustee of D'Amico's bankruptcy estate, essentially alleged, inter alia, that as a result of the subject accident, the cervicothoracic region of D'Amico's spine sustained certain injuries. On their motions for summary judgment, the defendants addressed those alleged injuries by arguing that they were not caused by the subject accident (*see Pommells v Perez*, 4 NY3d 566, 579 [2005]). However, the defendants' evidentiary submissions revealed the existence of a triable issue of fact as to whether those alleged injuries were caused by the subject accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Rose v City of New Rochelle*, 57 AD3d 506 [2008]). Since the defendants failed to meet their prima facie burdens, we need not consider the sufficiency of the plaintiff's opposition papers (*see Rose v City of New Rochelle*, 57 AD3d at 506; *Litz v F.J. Gray & Co.*, 39 AD3d 490, 491 [2007]).

Under the circumstances, it is clear that the plaintiff did not need leave of court to serve a supplemental bill of particulars (*see* CPLR 3043 [b]; *see Zenteno v Geils*, 17 AD3d 457, 458

[2005]). Accordingly, the Supreme Court should have granted the plaintiff's cross motion, in effect, to compel the defendants to accept a supplemental bill of particulars. Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.