■ ROBERT MEYER et al., Respondents, v GUIDO A. GALLARDO et al., Appellants. [688 NYS2d 624] —In an action to recover damages for personal injuries, etc., the defendants Guido A. Gallardo and Sandra N. Gallardo and the defendant Ay Guan Ng separately appeal from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated March 31, 1998, as denied those branches of their respective motions which were, in effect, for summary judgment dismissing the first and third causes of action of the complaint insofar as asserted against them on the ground that the plaintiff Robert Meyer did not suffer a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

To be entitled to summary judgment, the defendants were required to establish a prima facie case that the plaintiff Robert Meyer (hereinafter the injured plaintiff) did not a sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955; *Moore v Tappen,* 242 AD2d 526; *Healea v Andriani,* 158 AD2d 587). The defendants failed to do so. One of the physicians who examined the injured

plaintiff on behalf of the defendants stated that the lateral rotation of his cervical spine was 80 degrees to the right and 50 degrees to the left. This alone raises an issue of fact as to whether the injured plaintiff suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *see, Cesar v Felix,* 181 AD2d 852, 853; *Healea v Andriani, supra*; *see also, Parker v Defontaine-Stratton,* 231 AD2d 412, 413). Moreover, the defendants did not address the plaintiff's allegation that he suffered a partial tear of the rotator cuff of his left shoulder (*see, Minori v Hernandez Trucking Co.,* 239 AD2d 322, 323). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.