■ SONIA MORALES, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [731 NYS2d 754] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated September 15, 2000, which denied its motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendant's motion for summary judgment, as it failed to establish a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955; *Chaplin v Taylor*, 273 AD2d 188; *Langford v Jewett Transp. Serv.*, 271 AD2d 412; *Moore v Tappen*, 242 AD2d 526). One of the injuries allegedly suffered by the plaintiff in the subject accident was a partial tear of the rota-

tor cuff tendon in her left shoulder. The affirmed medical report of the defendant's examining neurologist did not indicate if she examined the plaintiff's left shoulder or that the alleged injury was not serious within the meaning of the Insurance Law. Furthermore, the defendant did not demonstrate that this injury was not causally related to the subject accident. Thus, the defendant failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see, Papadonikolakis v First Fid. Leasing Group,* 283 AD2d 470; *Meyer v Gallardo,* 260 AD2d 556; *Minori v Hernandez Trucking Co.,* 239 AD2d 322). Under these circumstances, we need not consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see, Papadonikolakis v First Fid. Leasing Group, supra; Chaplin v Taylor, supra; Mariaca-Olmos v Mizrhy,* 226 AD2d 437). Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.