■ RIHEAM GILLEY et al., Appellants, v HAYWOOD BROWN, Defendant, and SAQAR HAYAT et al., Respondents. [768 NYS2d 629]— In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Dowd, J.), dated November 22, 2002, which granted the motion of the defendants Saqar Hayat and Reck Service Corp. for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Riheam Gilley did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court

dated April 28, 2003, which denied their motion for leave to renew and reargue the defendants' prior motion for summary judgment.

Ordered that the appeal from the order dated April 28, 2003, is dismissed; and it is further,

Ordered that the order dated November 22, 2002, is reversed, on the law, with costs, the motion for summary judgment is denied, the complaint is reinstated insofar as asserted against the respondents, and the order dated April 28, 2003, is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

To be entitled to summary judgment, the respondents were required to establish, prima facie, that the plaintiff Riheam Gilley did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler,* 79 NY2d 955 [1992]; *Meyer v Gallardo,* 260 AD2d 556 [1999]). The respondents failed to do so. The respondents' medical evidence failed to address the plaintiffs' allegations that Gilley suffered from a restriction of motion in the lumbar and cervical spine (*see Meyer v Gallardo, supra*).

Under the circumstances, we need not consider whether the plaintiffs' papers in opposition to the original motion were sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The appeal from so much of the order dated April 28, 2003, as denied that branch of the respondents' motion which was for leave to reargue must be dismissed on the ground that no appeal lies from an order denying leave to reargue. Additionally, in light of our determination, on the appeal from the order dated November 22, 2002, the appeal from so much of the order dated April 28, 2003, as denied that branch of the respondents' motion which was for leave to renew must be dismissed as academic. Santucci, J.P., Goldstein, Schmidt and Cozier, JJ., concur.