■ Jose Villavicencio et al., Appellants, v Alex C. Mieles et al., Respondents. [776 NYS2d 82]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated July 18, 2003, which granted the defendants' separate motions for summary judgment dismissing the complaint on the ground that the plaintiff Jose Villavicencio did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motions are denied, and the complaint is reinstated.

The defendants failed to meet their initial burdens of establishing their entitlement to judgment as a matter of law by demonstrating that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Morales v New York City Tr. Auth.,* 287 AD2d 604 [2001]; *Meyer v Gallardo,* 260 AD2d 556 [1999]; *Minori v Hernandez Trucking Co.,* 239 AD2d 322 [1997]). The plaintiff alleged that he sustained, inter alia, a left knee joint effusion, a tear of the posterior horn of the medial meniscus, and an anterior tibial subluxation of the left knee. The report of the defendants' medical expert failed to indicate whether any objective tests were performed with respect to the left knee injury, or even whether he examined the left knee. Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.