■ MERCEDES RODRIGUEZ, Appellant, v J & K TAXI, INC., et al., Respondents. [783 NYS2d 843]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated October 24, 2003, which granted the motion of the defendants J & K Taxi, Inc., and Harcharan S. Bedi, and the separate motion of the defendant Ramon A. Gonzalez, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions are denied, and the complaint is reinstated.

Contrary to the Supreme Court's determination, the defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident. The defendants' examining physician failed to set forth the objective test or tests performed supporting her conclusion that there was no limitation of range of motion (*see Black v Robinson*, 305 AD2d 438, 439 [2003]; *Gamberg v Romeo*, 289 AD2d 525, 525-526 [2001]; *see also Zavala v DeSantis*, 1 AD3d 354 [2003]; *Gamberg v Romeo, supra; Junco v Ranzi*, 288 AD2d 440 [2001]). Moreover, the defendants' physician did not indicate that she examined the plaintiff's left shoulder despite the fact that the plaintiff alleged in her bill of particulars that a tendon in her left shoulder was torn in the accident.

Since the defendants failed to meet their initial burden of establishing a prima facie case that the plaintiff did not sustain a serious injury, "it is not necessary to consider whether the plaintiffs' papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact" (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *see Chaplin v Taylor*, 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]).

Accordingly, the Supreme Court erred in granting the defendants' respective motions for summary judgment. Santucci, J.P., Smith, S. Miller, Cozier and Fisher, JJ., concur.