■ ALLAN GERSON et al., Appellants, v C.L.S. TRANSPORTATION, INC., et al., Respondents. [829 NYS2d 688]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Johnson, J.), entered October 13, 2005, which granted the motion of the defendants C.L.S. Transportation, Inc., and Joseph W. Diorio, and the separate motion of the defendants Iry, Inc., and Makoto Hikawa, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Allan Gerson did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants C.L.S. Transportation, Inc., and Joseph W. Diorio, and the separate motion of the defendants Iry, Inc., and Makoto Hikawa for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Allan Gerson did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) are denied.

The defendants, who relied on the same evidentiary submis-

sions on their respective motions, failed to make a prima facie showing that the plaintiff Allan Gerson (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). All of the defendants relied upon, inter alia, the report of an orthopedic surgeon who examined the injured plaintiff on February 24, 2005. The report set forth range of motion findings concerning the injured plaintiff's cervical spine; however, the orthopedic surgeon failed to compare the range of motion findings with what is deemed normal (*see Iles v Jonat*, 35 AD3d 537 [2006]; *Mirochnik v Ostrovskiy*, 35 AD3d 413 [2006]; *Kavanagh v Singh*, 34 AD3d 744 [2006]; *Caracci v Miller*, 34 AD3d 515 [2006]; *Agathe v Tun Chen Wang*, 33 AD3d 737 [2006]; *Mondi v Keahon,* 32 AD3d 506 [2006]; *Benitez v Mileski*, 31 AD3d 473 [2006]; *Abraham v Bello*, 29 AD3d 497 [2006]; *Yashayev v Rodriguez*, 28 AD3d 651 [2006]; *Sullivan v Dawes*, 28 AD3d 472 [2006]). Moreover, the orthopedic surgeon admitted in his report the existence of limitations in various aspects of the injured plaintiff's lumbar spine range of motion that were not adequately quantified or qualified so as to establish the absence of a significant limitation of motion (*see Iles v Jonat, supra*; *McCrary v Street*, 34 AD3d 768 [2006]; *Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Kaminsky v Waldner*, 19 AD3d 370 [2005]; *see also Yashayev v Rodriguez*, 28 AD3d 651 [2006]). Furthermore, neither expert relied upon by the defendants addressed in their separate reports the injured plaintiff's other claim of injury as a result of the subject accident (*see Villavicencio v Mieles*, 7 AD3d 517 [2004]; *Morales v New York City Tr. Auth.*, 287 AD2d 604 [2001]).

Under these circumstances, it is not necessary to consider whether the plaintiffs' papers in opposition to the defendants' respective motions were sufficient to raise a triable issue of fact (*see Iles v Jonat, supra*; *Villavicencio v Mieles, supra*; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.