■ ALINA AVRASHKOVA, Respondent, v TRICIA L. PAUL, Appellant, et al., Defendant. [844 NYS2d 445]—

In an action to recover damages for personal injuries, the defendant Tricia L. Paul appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated January 31, 2007,

which denied her motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

On her motion for summary judgment dismissing the complaint insofar as asserted against her, the defendant Tricia L. Paul (hereinafter the appellant), failed to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The appellant relied on various medical reports which showed significant limitations in the plaintiff's spine (*see Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]; *Bentivegna v Stein*, 42 AD3d 555 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472 [2007]; *Brown v Motor Veh. Acc. Indem. Corp.*, 33 AD3d 832 [2006]). Furthermore, the report of the appellant's examining orthopedist noted range of motion findings concerning the cervical and lumbar regions of the plaintiff's spine, and the plaintiff's left knee, without comparing those findings to what is deemed normal (*see Nociforo v Penna*, 42 AD3d 514 [2007]; *McNulty v Buglino*, 40 AD3d 591 [2007]; *Osgood v Martes*, 39 AD3d 516 [2007]; *McLaughlin v Rizzo*, 38 AD3d 856 [2007]; *Bluth v WorldOmni Fin. Corp.*, 38 AD3d 817 [2007]; *Harman v Busch*, 37 AD3d 537 [2007]).

Since the appellant failed to establish her prima facie entitlement to judgment as a matter of law, it is unnecessary to consider whether the plaintiff's papers submitted in opposition to the motion were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.