■ PIERRE JOSEPH et al., Appellants, v SIMONE HAMPTON, Respondent. [852 NYS2d 335]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated October 31, 2006, which, in effect, granted the defendant's motion for summary judgment, in effect, dismissing the first and second causes of action on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment, in effect, dismissing the first and second causes of action is denied.

Contrary to the Supreme Court's determination, the defendant failed to establish her prima facie entitlement to judgment as a matter of law with respect to the first cause of action, since she failed to demonstrate that the plaintiff Pierre Joseph did

not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant's motion papers failed to adequately address Joseph's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The accident occurred on May 8, 2002. On August 23, 2005 Joseph testified at his deposition that, as a result of the accident, he was unable to, and never did, return to work after the accident. In October 2005, which was nearly 3½ years after the accident, the defendant's examining orthopedic surgeon and examining neurologist conducted separate examinations of Joseph. Neither physician related his medical findings to this category of serious injury for the period of time immediately following the accident (*see DeVille v Barry*, 41 AD3d 763, 763-764 [2007]; *Torres v Performance Auto. Group, Inc.*, 36 AD3d 894, 895 [2007]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]). Furthermore, while Joseph also alleged in his bill of particulars that he sustained, among other injuries, a medial tear of the posterior horn of the medial meniscus of his right knee, neither physician indicated that he performed any objective tests with respect to this alleged injury, or even whether he examined Joseph's right knee (*see Gerson v C.L.S. Transp., Inc.*, 37 AD3d 530, 531 [2007]; *Villavicencio v Mieles*, 7 AD3d 517 [2004]; *Morales v New York City Tr. Auth.*, 287 AD2d 604, 604-605 [2001]).

In addition, contrary to the Supreme Court's determination, the defendant also failed to establish her prima facie entitlement to judgment as a matter of law with respect to the second cause of action, since she failed to demonstrate that the plaintiff Jacqueline Moise did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Among the medical submissions relied on by the defendant was her examining orthopedic surgeon's affirmed medical report, which identified a significant limitation of range of motion in Moise's lumbosacral spine (*see Joissaint v Starrett-1 Inc.*, 46 AD3d 622 [2007]; *Avrashkova v Paul*, 44 AD3d 976, 977 [2007]; *Friedman v Albert*, 44 AD3d 897, 898 [2007]).

Since the defendant failed to meet her initial burden with respect to either of the plaintiff's causes of action to recover damages for personal injuries, it is unnecessary to consider whether

the plaintiffs' papers, submitted in opposition, were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Prudenti, P.J., Skelos, Miller, Covello and McCarthy, JJ., concur.