■ FRANK C. TINSLEY, Respondent, v MAMADOU S. BAH et al., Appellants. [857 NYS2d 179]—

In an action to recover damages for personal injuries, the defendant Mamadou S. Bah appeals, and the defendant Adam Chilicki separately appeals, from an order of the Supreme Court, Kings County (Saitta, J.), dated October 4, 2007, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

The defendants Mamadou S. Bah and Adam Chilicki, although separately moving for summary judgment, relied on the same submissions in their attempts to meet their initial prima facie burdens. Their respective motion papers did not adequately address the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts constituting his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident. The subject accident occurred on June 4, 2005. The plaintiff alleged in his bill of particulars that he was confined to his bed and home for a period of 4 1/2 months post-accident. The defendants' examining neurologist conducted his examination of the plaintiff approximately 1 1/2 years after the subject accident occurred. He did not relate his medical findings to this category of serious injury for the period of time immediately following the subject accident (*see Joseph v Hampton,* 48 AD3d 638 [2008]; *DeVille v Barry,* 41 AD3d 763 [2007]; *Torres v Performance Auto. Group, Inc.,* 36 AD3d 894 [2007]; *Sayers v Hot,*

23 AD3d 453 [2005]). The excerpts of the plaintiff's deposition testimony relied upon by the defendants essentially established only that the plaintiff was retired at the time of the subject accident. These submissions clearly did not establish the lack of any such category of serious injury.

Since the defendants failed to satisfy their prima facie burdens, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Joseph v Hampton*, 48 AD3d 638 [2008]; *Sayers v Hot*, 23 AD3d 453 [2005]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.