■ KEN FEA YUNG et al., Appellants, v BARBARA M. EAGER et al., Respondents. [857 NYS2d 676]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered June 7, 2007, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that neither the plaintiff Ken Fea Yung nor the plaintiff Wai Hing Yung sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]).

The defendants' motion papers did not adequately address the plaintiffs' claims, clearly set forth in their bill of particulars, that they each sustained medically-determined injuries or impairments of a nonpermanent nature which prevented them from performing substantially all of the material acts which constituted their usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident. The plaintiffs' bill of particulars alleged that as a result of the subject accident, they were each confined to their home for three to four months after the accident. The defendants' examining orthopedic surgeon conducted examinations of the plaintiffs more than four months after the subject accident occurred. He did not relate his medical findings to this category of serious injury for the period of time immediately following the subject accident (see Joseph v Hampton, 48 AD3d 638 [2008]; DeVille v Barry, 41 AD3d 763, 764 [2007]; Torres v Performance Auto. Group, Inc., 36 AD3d 894, 895 [2007]; Sayers v Hot, 23 AD3d 453 [2005]).

Since the defendants failed to satisfy their prima facie burdens, it is unnecessary for this Court to consider whether the plaintiffs' opposition papers were sufficient to raise a triable issue of fact (*see Joseph v Hampton*, 48 AD3d at 638; *Sayers v Hot*, 23 AD3d 453 [2005]). Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.