■ JOSEPH J. GLOVER, Plaintiff/Third-Party Defendant-Respondent, and RONALD PRITCHARD, Appellant, et al., Plaintiff, v FRANCES E. BATISTA, Defendant/Third-Party Plaintiff-Respondent, et al., Defendant. [941 NYS2d 665]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff Ronald Pritchard appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated April 29, 2011, as granted the separate motions of the defendant/third-party plaintiff, Frances E. Batista, and the plaintiff/third-party defendant, Joseph J. Glover, in effect, for summary judgment dismissing the complaint insofar as asserted by him against Frances E. Batista on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from,

on the law, with one bill of costs, and the separate motions of the defendant/third-party plaintiff, Frances E. Batista, and the plaintiff/third-party defendant, Joseph Glover, for summary judgment dismissing the complaint insofar as asserted by the appellant against Frances E. Batista are denied.

The defendant/third-party plaintiff, Frances E. Battista, sued herein as Frances E. Batista, and the plaintiff/third-party defendant, Joseph J. Glover, failed to meet their prima facie burdens of demonstrating that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Battista's and Glover's motion papers failed to adequately address the appellant's claim, clearly set forth in the bills of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*cf. Tinsley v Bah*, 50 AD3d 1019, 1019-1020 [2008]).

Since Battista and Glover failed to meet their prima facie burdens, it is unnecessary to determine whether the papers submitted by the appellant in opposition were sufficient to raise a triable issue of fact (*id.* at 1020).

Accordingly, the Supreme Court should have denied Battista's and Glover's separate motions for summary judgment dismissing the complaint insofar as asserted by the appellant. Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.