(October 24, 2012)

■ JOHNNY ADDISON, Respondent, v ERIS JOSEPH-WALTERS, Appellant. [952 NYS2d 463]—

The defendant failed to meet her prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant's motion papers failed to adequately address the plaintiff's claim, clearly set forth in the bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his ususal and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*cf. Tinsley v Bah*, 50 AD3d 1019, 1019-1020 [2008]).

Since the defendant failed to meet her prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*id.* at 1020).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Florio, Dickerson, Leventhal and Lott, JJ., concur.