■ Kenyatti Adams, Appellant, v Dura Cab Corp. et al., Defendants, and Lauren Marchese et al., Respondents. [58 NYS3d 555]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated March 11, 2015, as granted that branch of the motion of the defendants Lauren Marchese and Leigh Marchese which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Lauren Marchese and Leigh Marchese which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

The respondents failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *cf. Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the respondents failed to adequately address the plaintiff's claims, set forth in the bills of particulars, that he sustained a serious injury to his head under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d), and that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969, 969 [2011]; *Staff v Yshua*, 59 AD3d 614, 614 [2009]).

Since the respondents did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Che Hong Kim v Kossoff*, 90 AD3d at 969). Therefore, the Supreme Court should have denied that branch of the respondents' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.