■ Eva CERVANTES, Individually and as Mother and Natural Guardian of LUIS CERVANTES, an Infant, Appellant, v JOHN A. McDERMOTT et al., Respondents. [60 NYS3d 195]—In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated January

15, 2015, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff's infant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff's infant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff's infant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Joseph v Hampton*, 48 AD3d 638, 638-639 [2008]; *see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants failed to adequately address the plaintiff's claims, set forth in the bills of particulars, that the infant sustained a serious injury to the cervical region of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Robinson v Lawrence*, 99 AD3d 980, 980 [2012]; *Joseph v Hampton*, 48 AD3d at 638-639).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Che Hong Kim v Kossoff*, 90 AD3d 969, 969 [2011]). Therefore, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the infant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

The argument raised in Point III of the defendants' brief is not properly before this Court. Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.