Cervantes v McDermott (2018 NY Slip Op 01450)





Cervantes v McDermott


2018 NY Slip Op 01450


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2015-02885 ON MOTION
 (Index No. 601090/13)

[*1]Eva Cervantes, etc., appellant, 
v
John A. McDermott, et al., respondents. DECISION & ORDER Motion by the respondents for leave to reargue an appeal from an order of the Supreme Court, Nassau County, dated January 15, 2015, which was determined by decision and order of this Court dated July 26, 2017. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ORDERED that the motion is granted and, upon reargument, the decision and order of this Court dated July 26, 2017 (see Cervantes v McDermott, 152 AD3d 739), is recalled and vacated, and the following decision and order is substituted therefor: Albert Zafonte, Jr. (Richard Paul Stone, New York, NY, of counsel), for appellant.

Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Judy C. Selmeci and I. Elie Herman of counsel), for respondents.
Appeal from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated January 15, 2015. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff's infant did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff's infant did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
On April 20, 2012, the plaintiff's infant, a pedestrian, was struck by a motor vehicle driven by the defendant John McDermott and owned by the defendant MUZAK, LLC (hereinafter together the defendants). The plaintiff, on behalf of the infant, commenced the instant action against the defendants. The defendants moved for summary judgment on the grounds that they were not liable for the infant's injuries, and, alternatively, that the infant did not sustain a serious injury within the meaning of Insurance Law § 5102(d). In an order dated January 15, 2015, the Supreme Court denied that branch of the defendants' motion which was for summary judgment on the issue of liability, but granted that branch of their motion which was for summary judgment dismissing the complaint on the ground that the infant did not sustain a serious injury. The plaintiff appeals.
The defendants failed to meet their prima facie burden of showing that the infant did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to adequately address the plaintiff's claims, set forth in the bills of particulars, that the infant sustained a serious injury to the cervical region of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d 969). Therefore, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the infant did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
The alternative ground for affirmance presented by the defendants (see Parochial Bus Systems v Board of Educ. of the City of N.Y., 60 NY2d 539) is without merit. Contrary to the defendants' contention, they failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability, as they failed to demonstrate the absence of triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Goulet v Anastasio, 148 AD3d 783, 784). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment on the issue of liability.
BALKIN, J.P., SGROI, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court