Gramajo v Fox Ride Inc. (2025 NY Slip Op 50261(U))

[*1]

Gramajo v Fox Ride Inc.

2025 NY Slip Op 50261(U)

Decided on February 28, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 28, 2025
Supreme Court, Kings County

Manolo David Barrios Gramajo, Plaintiff,

against
Fox Ride Inc., "John Doe" first and last names being fictitious and unknown and intending to represent the operator of 2011 Lincoln bearing New York license plate number T809903C on September 9, 2022, at approximately 430 P.M. on 146th Street and Archer Avenue, Queens, New York, Defendants.

Index No. 525473/2023

Napoli Shkolnik, PLLC, Melville, for plaintiff.
Baker, McEvoy & Moskovits, Freeport, for defendant Fox Ride Inc.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Defendant Fox Ride Inc. in Support of Motion
NYSCEF Doc Nos. 21-30
Submitted by Plaintiff in Opposition
NYSCEF Doc Nos. 38-41
Introduction
Plaintiff Manolo David Barrios Gramajo commenced this action seeking to recover for personal injuries allegedly sustained in a motor vehicle accident on September 9, 2022, when the vehicle he operated was struck by the one owned by defendant Fox Ride Inc. and operated by defendant John Doe.
Defendant Fox Ride Inc. now moves for summary judgment dismissing the complaint on the asserted ground that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d), as required by Insurance Law § 5104 (a). The latter provides in pertinent part: "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in [*2]the case of a serious injury, or for basic economic loss" (Insurance Law § 5104 [a]). " 'Serious injury' means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (id. § 5102 [d]). The last category is known as "90/180."
Discussion
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]).
The issue of whether a claimed injury falls within the statutory definition of "serious injury" is a question of law for the Court, which may be decided on a motion for summary judgment (see Licari v Elliott, 57 NY2d 230 [1982]). "The courts [are] responsible for vetting serious injury automobile cases by application of basic summary judgment principles to avoid unnecessary jury trials where the injury is clearly minor" (Van Nostrand v Froehlich, 44 AD3d 54, 60 [2d Dept 2007]). Moving defendant bears the initial burden of establishing, by the submission of evidentiary proof in admissible form, a prima facie case that a plaintiff has not sustained a serious injury from the subject motor vehicle accident as a matter of law, i.e., that there are no material issues of fact (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]).
If the moving defendant has made such a showing that a plaintiff has not suffered a serious injury from the subject motor vehicle accident as a matter of law, the burden shifts to the plaintiff to submit evidence in admissible form sufficient to create a material issue of fact necessitating a trial (see Franchini v Palmieri, 1 NY3d 536 [2003]; Grasso v Angerami, 79 NY2d 813 [1991]; Grossman v Wright, 268 AD2d 79, 84 [2d Dept 2000]). On the other hand, a failure by the moving defendant to make a showing that a plaintiff has not suffered a serious injury from the subject motor vehicle accident as a matter of law requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
In plaintiff's bill of particulars, he alleged injuries to the cervical spine, lumbar spine, left shoulder, right shoulder, and right knee, as well as a head concussion. The categories of serious injury claimed by plaintiff were permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; and 90/180.
In moving for summary judgment, defendant Fox Ride Inc. relied on two medical experts. In an affirmed independent medical examination (IME) report, Dr. Ken Hansraj described his examination of plaintiff on September 6, 2024. Dr. Hansarj, a Board certified orthopedic surgeon, examined plaintiff's cervical spine, lumbar spine, right shoulder, and right knee. Performing range of motion testing and other provocative orthopedic testing, Dr. Hansarj opined that all injuries to the examined body parts had resolved. "Today's examination indicates [*3]that the injured body parts alleged in the Bill of Particulars have resolved. The claimant did not sustain any significant or permanent injury as a result of the motor vehicle accident on 09/09/2022. There are no objective clinical findings indicative of a present disability and functional impairment. . ." (NYSCEF Doc No. 27 at 5).
Defendant also relied on affirmed MRI reviews performed by Dr. Scott A. Springer, a Board certified radiologist. He reviewed films reflecting MRIs taken of plaintiff's cervical spine, lumbar spine, left shoulder, and right knee. In the spine areas, while there were disc herniations and bulges, Dr. Springer opined that no traumatic damage had taken place. Likewise with respect to the left shoulder and right knee, there were no posttraumatic changes causally related to the September 9, 2022 accident.
This court notes that that in the Second Department, case law has developed to the point that in moving for summary judgment to dismiss a complaint in a motor vehicle accident case based on the asserted lack of serious injury proximately resulting from the subject accident on the part of the plaintiff, a defendant bears the burden of submitting expert medical opinion evidence concerning all body parts claimed by the plaintiff to have been so injured. A defendant can attempt to establish that claimed injuries did not proximately result from the motor vehicle accident but rather were of another etiology, such as degenerative changes or a different accident, and, therefore, the plaintiff did not sustain a serious injury; usually a defendant submits MRI reviews from a radiologist. A defendant can also attempt to establish that whatever injuries may have been sustained did not rise to the level of "serious injury"; for this type of argument, usually a defendant submits an IME report (see Staff v Yshua, 59 AD3d 180 [2d Dept 2009]).
Either way, where a defendant relies on expert medical evidence to establish lack of serious injury, whether because claimed injuries were of another etiology or because they did reach the status of "serious injury," the defendant's medical expert or experts—be they examining physicians or radiologists reviewing diagnostic films—must rule out serious injury with respect to each and every body part claimed in the bill of particulars to have sustained a serious injury. Analytically this makes sense because the defendant bears a burden of establishing the complete absence of a triable issue of fact as to serious injury on the part of the plaintiff. The only way to establish this is to rule out that a serious injury was sustained to each and every body part asserted in the bill of particulars to have been injured.
This is reflected in extensive case law which has held that defendants failed to meet their prima facie burden for summary judgment on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) where there is a failure to address particular body parts claimed in the bill of particulars to have been injured:
• Rosales v Rivera (176 AD3d 753 [2d Dept 2019] [head])
• Adams v Dura Cab Corp. (152 AD3d 634 [2d Dept 2017] [head])
• Robinson v Lawrence (99 AD3d 980 [2d Dept 2012] [failure to address right knee])
• Safer v Silbersweig (70 AD3d 921 [2d Dept 2010] [examining orthopedic surgeon failed to address brain])
• Encarnacion v Smith (70 AD3d 628, 629 [2d Dept 2010] [radiologist did not deal with parts other than cervical and lumbar spine regions])
• Menezes v Khan (67 AD3d 654 [2d Dept 2009] [radiologist did not address bilateral shoulders and knees])
• Takaroff v A.M. USA, Inc. (63 AD3d 1142 [2d Dept 2009] [radiologist did not address cervical spine and right shoulder])
• Rahman v Sarpaz (62 AD3d 979 [2d Dept 2009] [radiologist did not address left knee])
• Delayhaye v Caledonia Limo & Car Serv., Inc. (61 AD3d 814 [2d Dept 2009] [radiologist did not address cervical spine])
• Joseph v Hampton (48 AD3d 638 [2d Dept 2008] [neither physician examined right knee])
• Jensen v Nicmanda Trucking, Inc. (47 AD3d 769 [2d Dept 2008] [radiologist did not address bilateral shoulders])
• Gerson v C.L.S. Transp., Inc., 37 AD3d 530 [2d Dept 2007] [neither physician addressed claim of injury other than lumbar spine])
• Rodriguez v J&K Taxi, Inc. (12 AD3d 434 [2d Dept 2004] [examining physician did not examine left shoulder])
• Villavicencio v Mieles (7 AD3d 517 [2d Dept 2004] [left knee not examined])
• Morales v New York City Tr. Auth. (287 AD2d 604 [2d Dept 2001] [neurologist did not examine left shoulder])
• Meyer v Gallardo (260 AD2d 556 [2d Dept 1999] [left shoulder not addressed])
• Minori v Hernandez (239 AD2d 322 [2d Dept 1997] [ankle not examined])
In the case at bar, between them, Drs. Hansraj and Springer offered expert medical opinions concerning plaintiff's cervical spine, lumbar spine, left shoulder, right shoulder, and right knee—either that plaintiff had not sustained any significant or permanent injury or that claimed injuries were actually degenerative—but did not opine with respect to plaintiff's alleged head concussion. In the absence of proffered expert opinion evidence regarding that claim in plaintiff's bill of particulars, defendant Fox Ride Inc. failed to establish a prima facie case in support of its summary judgment motion to dismiss the complaint on the ground that plaintiff failed to sustain a serious injury (see Rosales v Rivera, 176 AD3d 753; Adams v Dura Cab Corp., 152 AD3d 634; Safer v Silbersweig). At a minimum, there exist triable issues of fact regarding the significant limitation and permanent consequential limitation categories of serious injury insofar as a head concussion was concerned.
Since the burden of establishing a material issue of fact did not shift to plaintiff—because defendant Fox Ride Inc. did not make out its prima facie case of no material issue of fact—the sufficiency of plaintiff's opposing papers need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Curiale v Delfavero, 211 AD3d 905 [2d Dept 2022]). Further, the Court need not determine whether defendants ruled out any other categories of serious injury claimed by plaintiffs (such as 90/180), defendant's motion must be denied, and plaintiff may recover at trial for all injuries sustained in the accident (see Linton v Nawaz, 14 NY3d 821 [2010]; Santos v Fiktus, 232 AD3d 698 [2d Dept 2024]; Detoma v Dobson, 214 AD3d 949 [2d Dept 2023]; Curiale v Delfavero, 211 AD3d 905; O'Neill v O'Neill, 261 AD2d 459 [2d Dept 1999]).
Conclusion
IT IS HEREBY ORDERED that defendant Fox Ride Inc.'s motion for summary judgment dismissing plaintiff's complaint on the asserted ground that he failed to sustain a serious injury from the subject motor vehicle accident is DENIED.