■ GETL LEIA KASPER, Respondent, v N&J TAXI, INC., et al., Appellants. [876 NYS2d 120]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Agate, J.), entered June 11, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the defendants did not meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied upon, inter alia, the affirmed medical report of Dr. S. Farkas, their examining orthopedist, who noted significant limitations in the plaintiff's cervical spine and left shoulder ranges of motion based upon his examination of her on May 21, 2007 (*see Hurtte v Budget Roadside Care,* 54 AD3d 362 [2008]; *Perry v Brusini,* 53 AD3d 478 [2008]; *Moorer v Amboy Bus Co., Inc.,* 52 AD3d 587 [2008]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider the sufficiency of the evidence submitted in opposition to the motion (*see Hurtte v Budget Roadside Care,* 54 AD3d 362 [2008]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.