■ JOCELYNE JEAN et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [925 NYS2d 657]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Lane, J.), dated June 3, 2009, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff Jocelyne Jean did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff Jocelyne Jean did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

According to the deposition testimony and affidavit of the plaintiff, Jocelyne Jean (hereinafter the injured plaintiff), the accident occurred on August 5, 2002, while she was sitting inside her car. At the time she was working as a home health aide and had arrived outside her client's home and parked on the street with her driver side door slightly ajar, when the rear door of the defendants' bus struck her car. The injured plaintiff unsuccessfully used her left hand to try to prevent the door from opening and kept her hand on the door even as the impact ripped the door off her car. She immediately felt pain in her left shoulder. After the police arrived, she declined medical treatment, and, with assistance, pushed her car out of the street. She finished work for the day and first sought medical attention one week later, complaining of left shoulder and neck pain. She was initially treated by an orthopedist, Dr. Michelle Pfeffer, and underwent physical therapy for several months.

On November 19, 2002, only three months after the accident, the injured plaintiff was first examined by Dr. Anthony S. Horvath, an orthopedist, who determined on that date that she was a surgical candidate. Less than two months later, on January 8, 2003, Dr. Albert Graziosa removed an inflamed bursa from the injured plaintiff's left shoulder. The injured plaintiff was unable to return to work for three months after the surgery and, as a result of her injuries, in 2005 she left her job as a home care attendant, which she had held for 23 years.

The plaintiffs commenced this action against the defendants in October 2003. After joinder of issue and filing of the note of issue, the defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In the order appealed from, the Supreme

Court, among other things, granted that branch of the defendants' motion, concluding that, in opposition to their prima facie case, the plaintiffs failed to raise a triable issue of fact. We reverse the order insofar as appealed from.

The defendants failed to establish, prima facie, that the injured plaintiff did not sustain a serious injury under the significant limitation of use category of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy. v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted, among other things, an affirmed report of Dr. Alan J. Zimmerman, their examining orthopedic surgeon, who found range-of-motion restrictions in the injured plaintiff's left shoulder and documented the less-than-normal findings in the numeric values he gave for each specific range of motion. However, in the conclusion of his report, Dr. Zimmerman failed to even address these losses of range of motion to the injured plaintiff's left shoulder. Moreover, his opinions that the left shoulder surgery treated a "non-causally related condition," that "[a] bursa is a degenerative [condition] and not causally related," that "[i]mpingement is a developmental condition, not a traumatic condition which was pre-existing and not causally related," and that "[a]ll of the cervical [magnetic resonance imaging] findings are degenerative, pre-existing and not [causally] related," are without probative value, as he failed to explain or substantiate, with objective medical evidence, the basis of his conclusions (*see Reitz v Seagate Trucking, Inc.*, 71 AD3d 975 [2010]; *Ortiz v S&A Taxi Corp.*, 68 AD3d 734 [2009]; *Powell v Prego*, 59 AD3d 417 [2009]). Since the defendants failed to meet their prima facie burden, we need not consider the sufficiency of the papers submitted by the plaintiffs in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Dickerson, Belen and Austin, JJ., concur