In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated May 25, 2011, which granted the defendant’s motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is denied.
The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; *1305 Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). Although the defendant asserted that the alleged injuries to the cervical region of the plaintiffs spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d at 352; Gaddy v Eyler, 79 NY2d at 955-956), the defendant’s examining orthopedist recounted, in his affirmed report submitted in support of the motion, that the range-of-motion testing he performed during his examination revealed the existence of a significant limitation in the region (see Cues v Tavarone, 85 AD3d 846 [2011]; Fields v Hildago, 74 AD3d 740 [2010]). In addition, although the defendant asserted that the alleged injuries to the region were not caused by the subject accident (see Pommells v Perez, 4 NY3d 566, 579 [2005]), he provided no competent medical evidence supporting that argument (see Cues v Tavarone, 85 AD3d at 846; Hightower v Ghio, 82 AD3d 934, 935 [2011]).
Since the defendant failed to meet his prima facie burden, the Supreme Court should have denied the defendant’s motion for summary judgment and it is unnecessary to consider whether the plaintiffs opposition papers were sufficient to raise a triable issue of fact (see Fields v Hildago, 74 AD3d at 740). Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.