JAMES TUDY et al., Appellants, v ARMANDO SANDOVAL, Respondent. [948 NYS2d 421]

The Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). The medical reports of the defendant's own examining physicians contained evidence that both plaintiffs had significant range-of-motion limitations, and that these limitations were causally related to the subject accident. Accordingly, the defendant failed to establish his prima facie entitlement to judgment as a matter of law (*see*

*Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Kasper v N&J Taxi, Inc.*, 60 AD3d 910 [2009]; *Gibson-Wallace v Dalessandro*, 58 AD3d 679, 680 [2009]).

Since the defendant failed to meet his prima facie burden, it is unnecessary to consider whether the plaintiffs' opposition papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Eng, Lott and Cohen, JJ., concur.