■ JUAN CHANG et al., Appellants, v JOSEPH CARDONE, Respondent. [977 NYS2d 911]—

The defendant failed to meet his prima facie burden of demonstrating that the plaintiff Juan Chang did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The medical reports of the defendant's own examining physicians contained evidence that the plaintiff Juan Chang had a significant range-of-motion limitation in his lumbosacral spine. The defendant further failed to demonstrate, prima facie, that the injuries were not causally related to the subject accident (*see Liautaud v Joseph*, 59 AD3d 394 [2009]). Accordingly, the defendant failed to establish his prima facie entitlement to judgment as a matter of law (*see Gaddy v Eyler*, 79 NY2d at 956-957; *Tudy v Sandoval*, 97 AD3d 739, 739-740 [2012]; *Wedderburn v Simmons*, 95 AD3d 1304 [2012]).

Since the defendant failed to meet his prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Wedderburn v Simmons*, 95 AD3d 1304 [2012]; *Fields v Hildago*, 74 AD3d 740 [2010]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Juan Chang. Skelos, J.P., Dickerson, Lott and Austin, JJ., concur.