Flood v Fillas (2019 NY Slip Op 03955)





Flood v Fillas


2019 NY Slip Op 03955


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-10641
 (Index No. 701817/15)

[*1]Denise C. Flood, et al., respondents, 
v
Elias Fillas, appellant.


Brand, Glick & Brand, P.C., Garden City, NY (Robert S. Mazzuchin of counsel), for appellant.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered September 11, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Denise C. Flood did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the plaintiff Denise C. Flood (hereinafter the injured plaintiff) in a motor vehicle accident on June 26, 2014. The defendant moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court denied the motion, and the defendant appeals.
The defendant failed to meet his prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant failed to submit competent medical evidence establishing, prima facie, that the injured plaintiff did not sustain a serious injury to the lumbar region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as the defendant's expert found significant deficits in the range of motion of the lumbar region of the injured plaintiff's spine (see Mercado v Mendoza, 133 AD3d 833, 834; Miller v Bratsilova, 118 AD3d 761). Further, the opinion of the defendant's expert as to the cause of the alleged injury to the lumbar region of the injured plaintiff's spine was speculative (see Pupko v Hassan, 149 AD3d 988, 989; see also Chang v Cardone, 113 AD3d 582, 583; Jean v New York City Tr. Auth., 85 AD3d 972, 974). Since the defendant failed to meet his prima facie burden, it is unnecessary to determine whether the opposing papers were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969, 969).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court