Virk v Gutt (2020 NY Slip Op 04637)





Virk v Gutt


2020 NY Slip Op 04637


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


116 CA 19-00118

[*1]SURINDER K. VIRK AND AMARJIT S. VIRK, PLAINTIFFS-RESPONDENTS,
v
CAROL A. GUTT, DEFENDANT-APPELLANT. 






LAW OFFICE OF VICTOR M. WRIGHT, ORCHARD PARK (RACHEL A. EMMINGER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (GERALD T. WALSH OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered January 16, 2019. The order, insofar as appealed from, denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d), and as modified the order is affirmed without costs.
Memorandum: Amarjit S. Virk (plaintiff) was injured in a motor vehicle accident when his vehicle collided with a vehicle driven by defendant. Plaintiff and his wife (collectively, plaintiffs) commenced this action alleging, inter alia, that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) under the significant limitation of use, permanent consequential limitation of use, and 90/180-day categories. Defendant appeals from an order that, insofar as appealed from, denied her motion for summary judgment dismissing the complaint.
Contrary to defendant's contention, we conclude that Supreme Court properly denied the motion with respect to the permanent consequential limitation of use and significant limitation of use categories inasmuch as defendant failed to meet her initial burden with respect to those categories. In support of her motion, defendant submitted the affirmed report of an expert physician who examined plaintiff on defendant's behalf. The expert physician averred that he reviewed plaintiff's medical records and imaging studies from before and after the subject accident and concluded that there was no objective evidence demonstrating that plaintiff, who had suffered two prior injuries to his neck and back, sustained a new cervical or lumbar disc herniation, or permanent injury to his nervous system or spine as a result of the accident. The expert physician, however, failed to perform a comparison of plaintiff's pre- and post-accident imaging studies and, therefore, was unable to aver, without engaging in speculation, that he observed no relevant change or difference in plaintiff's spine caused by the accident (cf. Roger v Soos, 175 AD3d 937, 938 [4th Dept 2019]; Heatter v Dmowski, 115 AD3d 1325, 1326 [4th Dept 2014]). Further, although defendant's expert physician opined that plaintiff had suffered no new injuries, there were observable changes between plaintiff's pre- and post-accident MRI scans, and defendant's expert physician noted that plaintiff had a decreased range of motion and increased pain after the accident. Despite those changes, defendant's expert physician concluded that plaintiff's spinal condition was purely degenerative in nature, and yet failed to explain the basis for that conclusion (see Jean v New York City Tr. Auth., 85 AD3d 972, 974 [2d Dept 2011]).
We agree with defendant, however, that the court erred in denying the motion with [*2]respect to the 90/180-day category, and we therefore modify the order accordingly. Defendant met her initial burden with respect to that category by submitting plaintiff's deposition testimony, wherein he testified that, one week after the subject accident, he resumed working 60 to 70 hours per week as an anesthesiologist. He also testified that, one week after the accident, he was able to dress, bathe, and groom himself without assistance, and that in the first three months after the accident, he was able to perform numerous household chores (see Baldauf v Gambino, 177 AD3d 1307, 1308 [4th Dept 2019]; McIntyre v Salluzzo, 159 AD3d 1547, 1547-1548 [4th Dept 2018]). Plaintiffs failed to raise an issue of fact in opposition. They failed to demonstrate that plaintiff's physician placed plaintiff on formal work restrictions, notwithstanding that his physician advised him not to lift heavy items (see LaBeef v Baitsell, 104 AD3d 1191, 1192 [4th Dept 2013]), and plaintiffs' assertions that plaintiff could not play golf or garden during the relevant time period after the accident are similarly unavailing (see McIntyre, 159 AD3d at 1548).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court